DECISION
This appeal concerns the real market value (RMV) of certain residential property for the 2007-08 and 2008-09 tax years. The property is identified in the Multnomah County tax records as Account R536641.
In an Order of Dismissal filed December 10, 2009, this court dismissed the 2007-08 tax year appeal as untimely. That ruling is affirmed herein.
As to the 2008-09 tax year, a trial was held February 17, 2010. Veronica Bothwell testified for Plaintiffs. Doug Kelsay, County Appraiser, and Dave Babcock, Supervisor, participated for Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family residence located at 12131 SE Lexington in Portland, Oregon. It was built in 2006 and has 4,110 square feet of living area with an attached garage of 751 square feet. (Def's Ex A at 2.)
The 2008-09 Multnomah County Board of Property Tax Appeals (BOPTA) reduced Defendant's original total RMV to $747,050. Plaintiffs amended their request at trial to seek $450,000 RMV. That apparently is based on their acquisition price of $467,650 in April 2008, with a nominal decrease in value back to the January 1, 2008 assessment date. At trial, Defendant recommended a reduction to $550,000 RMV. *Page 2 
Plaintiffs' evidence consisted of details of their acquisition as of April 2008, several months past the assessment date of January 1, 2008. They purchased it from a bank as a foreclosed property.[1] They also included information about the absence of an official occupancy permit from the City of Portland. (Ptfs' Ex 1.) However, the property was occupied on the assessment date.
Defendant's expert appraiser offered a brief review of pertinent market transactions. (Def's Ex A.) He was available at trial to answer questions and explain his adjustments. He examined three sales of comparable properties. The sales prices ranged from $498,000 to $545,000. After necessary adjustments for differences, the final values indicated were from $504,705 to $555,690. (Id. at 2.)
 II. ANALYSIS
The court's assignment is to determine the RMV of Plaintiffs' property as of January 1, 2008. ORS 308.205(1)[2] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003).
Plaintiffs in this case have presented evidence of their purchase of the property. However, it occurred after the January 1, 2008, assessment date. It may be classified as a distress sale. It was not supported by companion sales data. *Page 3 
Defendant's evidence, on the other hand, is of the quality necessary to support the recommended reduction to $550,000 RMV. The collection of sales was based on relevant market activities, necessary adjustments, and professional expertise.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their requested reduction to $450,000 RMV must be denied.
 III. CONCLUSION
The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that their requested relief for the 2008-09 tax year is warranted. Accordingly, the revised RMV recommended by Defendant at trial is the best evidence of value. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is dismissed as to the 2007-08 tax year, and
IT IS FURTHER DECIDED that the tax year 2008-09 RMV shall be reduced to $550,000.
Dated this ______ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. *Page 4 
 This Decision was signed by Magistrate Jeffrey S. Mattson on March 10,2010. The court filed and entered the Decision on March 10, 2010.
[1] Defendant classifies it as a "distress" sale.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1